No. 20-50654

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

LINDA JANN LEWIS; MADISON LEE; ELLEN SWEETS; BENNY ALEXANDER; GEORGE MORGAN; VOTO LATINO; TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; AND TEXAS ALLIANCE FOR RETIRED AMERICANS,

*Plaintiffs–Appellees,*

*v.*

RUTH HUGHS,
Texas Secretary of State,

*Defendant–Appellant*

On Appeal from the United States District Court
for the Western District of Texas
Civil Action No. 5:20-cv-00577

### PLAINTIFFS-APPELLEES' EMERGENCY MOTION
### FOR EXPEDITED RULING ON PETITION FOR REHEARING
### EN BANC

Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

Marc E. Elias
Aria C. Branch
Stephanie Command
PERKINS COIE LLP
700 Thirteenth St. NW, Ste. 800
Washington, D.C. 20005-3960

Kevin J. Hamilton
William B. Stafford*
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA 98101-3099

Gillian Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Ste. 1700
Century City, CA 90067

Sarah Schirack
PERKINS COIE LLP
1029 W. 3rd Ave., Ste. 300
Anchorage, AK 99517

*Counsel for Plaintiffs-Appellees*
*\*5th Cir. Admission Pending*

No. 20-50654

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

RUTH HUGHS,
in her official capacity as the Texas Secretary of State,

*Defendant–Appellant*

*v.*

LINDA JANN LEWIS, MADISON LEE, ELLEN SWEETS, BENNY ALEXANDER, GEORGE MORGAN, VOTO LATINO, TEXAS STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, AND TEXAS ALLIANCE FOR RETIRED AMERICANS,

*Plaintiffs–Appellees,*

On Appeal from the United States District Court
for the Western District of Texas
Civil Action No. 5:20-cv-00577

### CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**Plaintiffs-Appellees**

1. Linda Jann Lewis
2. Madison Lee
3. Ellen Sweets
4. Benny Alexander
5. George Morgan
6. Voto Latino: no parent corporation or stock.
7. Texas State Conference of the National Association for the Advancement of Colored People: no parent corporation or stock.
8. Texas Alliance for Retired Americans: no parent corporation or stock.

**Counsel for Plaintiffs-Appellees**

Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

Marc E. Elias
Aria C. Branch
Stephanie Command
PERKINS COIE LLP
700 Thirteenth St. NW, Ste. 800
Washington, D.C. 20005-3960

Kevin J. Hamilton
William B. Stafford
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA  98101-3099

Gillian Kuhlmann
PERKINS COIE LLP
1888 Century Park East, Ste. 1700
Century City, CA 90067

Sarah Schirack
PERKINS COIE LLP
1029 W. 3rd Ave., Ste. 300
Anchorage, AK 99517

**Defendant-Appellant**

1.   Texas Secretary of State

**Counsel for Defendant-Appellant**

Patrick K. Sweeten
Todd L. Disher
William T. Thompson
Michael R. Abrams
Kathleen Hunker
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, TX 78711-2548
Telephone:   (512) 936-1414
Facsimile:   (512) 936-0545

                                                  */s/ Skyler Howton*
                                       Skyler M. Howton
                                       PERKINS COIE LLP
                                       500 North Akard St., Ste. 3300
                                       Dallas, TX 75201-3347
                                       Telephone: (214) 965-7700
                                       Facsimile: (214) 965-7799

## INTRODUCTION

On September 4, a panel of this Court granted an emergency motion for summary affirmance filed by Plaintiffs-Appellees Linda Jann Lewis, Madison Lee, Ellen Sweets, Benny Alexander, George Morgan, Voto Latino, Texas State Conference of the National Association for the Advancement of Colored People, and Texas Alliance for Retired Americans ("Plaintiffs"). The Court found that the district court properly denied Texas Secretary of State Ruth Hughs's motion to dismiss for sovereign immunity, in which she argued that she does not have sufficient connection to the vote-by-mail provisions of the Texas Election Code that Plaintiffs challenge to satisfy *Ex parte Young*. The Court found that "no substantial question exists in this matter with respect to whether the Texas Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's vote-by-mail provisions to satisfy *Ex parte Young*'s 'some connection' requirement." Order at 2.

Despite the Court's suggestion that it granted summary affirmance because "time is truly of the essence" and "the party seeking relief is 'clearly right as a matter of law so that there can be no substantial question as to the outcome of the case,'" *id.*, the Secretary now files a petition for rehearing en banc, "an *extraordinary procedure* that is intended to bring to the attention of the entire court an error of *exceptional public importance* or an opinion that *directly conflicts* with prior Supreme Court, Fifth Circuit, or state law precedent," 5th Cir. R.

35 IOP (emphasis added). The Secretary's clear motive for petitioning for rehearing en banc—despite this Court's caution that "[c]ounsel have a duty to the court to . . . observe with restraint" the exceptional standards for en banc review, 5th Cir. R. 35.1—is to delay the disposition of this meritless interlocutory appeal so that Plaintiffs cannot receive preliminary relief before the November election.

Regardless of this Court's ultimate view of the merits of Plaintiffs' case, the Secretary should not be permitted to use an en banc petition, "the most abused prerogative," 5th Cir. R. 35 IOP, as a blockade to prevent the district court from timely reviewing the preliminary injunction motion Plaintiffs filed more than two months ago. Plaintiffs therefore respectfully request that the Court expeditiously deny the petition for rehearing en banc.

## STATEMENT OF EMERGENCY AND BRIEF BACKGROUND[1]

This case involves the constitutionality of certain Texas election laws as applied in the present pandemic. To avoid irreparable injury from these laws in the November election, Plaintiffs filed a motion for preliminary injunction in the district court more than two months ago. That motion now languishes in the district court as a result of the Secretary's meritless interlocutory appeal of that court's order denying the Secretary's motion to dismiss for sovereign immunity.

---

[1] For a complete background, *see* Pls. Emergency Mot. for Summ. Aff. or Dismissal ("Mot.") at 4-8.

If processed in the normal course, the interlocutory appeal would foreclose Plaintiffs from obtaining meaningful relief—or even having their preliminary injunction motion considered—in time for the November election. Plaintiffs therefore filed an emergency motion for summary affirmance on August 26. *See* Mot. With an expediency that illustrates this matter's time-sensitivity, a panel of this Court granted Plaintiffs' emergency motion for summary affirmance on September 4, just two days after the emergency motion was fully briefed. *See* Order; *see also* Def. Resp. to Mot. ("Resp."); Pls. Reply to Mot. ("Reply"). The Court held that "no substantial question exists in this matter with respect to whether the Texas Secretary of State bears a sufficient connection to the enforcement of the Texas Election Code's vote-by-mail provisions to satisfy *Ex parte Young*'s 'some connection" requirement.'" Order at 2. The Secretary then filed a petition for rehearing en banc.

The Secretary has suggested that an injunction in the district court must be entered before September 19 if it is to take effect in the November election.[2] For Plaintiffs' preliminary injunction motion to be considered and disposed of in the next eleven days or as soon as feasible

---

[2] The Secretary says that she did not suggest a decision must be entered by September 19 because her position is that Plaintiffs cannot get relief for the 2020 election at all. Assuming that is not the case, though, the Secretary acknowledges that she gave September 19 as the date mail-in ballots begin to be sent out. Resp. at 17-18.

thereafter, this interlocutory appeal must be resolved, the parties must finish briefing the preliminary injunction motion, and the district court must issue an order. Plaintiffs therefore respectfully request that, without further briefing, the Court expeditiously deny the petition for rehearing en banc.[3]

If the Court grants this motion by September 11, there will be eight days for the parties to finish briefing the preliminary injunction motion below and for the district court to rule on it by September 19. It is a tall order, but without such quick action the Secretary will be empowered to impede elections litigation with impunity.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 2 allows this Court "to expedite its decision" by "suspend[ing] any provision of [the Appellate] rules." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161 (5th Cir. 1969). This is appropriate where "time is truly of the essence," including "situations where important public policy issues are involved or those where rights delayed are rights denied." *Id.* at 1162.

---

[3] Plaintiffs suggest that benefit of responsive briefing is outweighed by the cost, as time is of the essence. The parties' briefing on the August 26 emergency motion present the arguments, *see* Mot.; *see also* Resp.; Reply, and the Secretary's petition for rehearing en banc further educates the Court on her position.

# ARGUMENT

Suspending the normal en banc procedures of the Federal Rules of Appellate Procedure is warranted here, as time is truly of the essence and there is no substantial question as to the outcome of the case. *Id.*; *see generally* Mot. at 9-22.

*First*, Plaintiffs will be unable to obtain timely consideration of the preliminary injunction motion that they filed more than two months ago in the district court should the Court take the time prescribed by this Court's internal operating procedures to review the Secretary's meritless petition for rehearing en banc of her meritless appeal. That motion seeks relief from irreparable injury in the November election; without the expeditious denial of the Secretary's petition for rehearing en banc, Plaintiffs and thousands of other Texans will therefore suffer irreparable injury to their right to vote in November. Here, rights delayed are, in fact, rights denied. *Groendyke*, 406 F.2d at 1162.

*Second*, it is inarguable that the Secretary has sufficient connection to the laws Plaintiffs challenge. The Secretary is the Chief Election Officer in Texas and has the ability to enforce her interpretation of the Texas Election Code through guidance, directives, and legal action that the Texas Attorney General takes on her behalf. *See* Tex. Election Code §§ 31.001, 31.005. Plaintiffs challenge four provisions of the Texas Election Code that govern voting by mail, a process that the Secretary has enforced against at least one county election administrator through

directives and litigation during the pendency of this interlocutory appeal. *See* Reply at 6. Her argument that *Ex parte Young* does not apply is "a nonstarter," *see Tex. Democratic Party v. Hughs*, SA-20-CV-08 (W.D. Tex. Aug. 24, 2020)), at 2, and this Court was comfortable rejecting in a two-page summary affirmance, *see* Order. That summary affirmance does not conflict with Supreme Court or Fifth Circuit precedent, nor does it involve an open question of exceptional importance, so en banc review is unwarranted. *See* FRAP 35 (standard for en banc review).

Thus, because time is of the essence and neither the appeal nor the en banc petition present a substantial question, suspension of the normal en banc procedures of the Federal Rules of Appellate Procedure is warranted here.

## CONCLUSION

This Court should decline to implicitly sanction the Secretary's gamesmanship. Plaintiffs therefore respectfully ask that this Court expedite a ruling denying the petition for rehearing en banc.

DATED: September 8, 2020

*/s/ Skyler Howton*

Skyler M. Howton,
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

Marc E. Elias
Aria C. Branch
Stephanie Command
PERKINS COIE LLP
700 Thirteenth St. NW, Ste. 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6338
Facsimile: (202) 654-9996

Kevin J. Hamilton
William B. Stafford*
PERKINS COIE LLP
1201 Third Ave., Ste. 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:    (206) 359-9000

Gillian Kuhlmann*
PERKINS COIE LLP
1888 Century Park East, Ste. 1700
Century City, CA 90067
Telephone: (310) 788-3245
Facsimile: (310) 788-3399

Sarah Schirack
PERKINS COIE LLP
1029 W. 3rd Ave., Ste. 300
Anchorage, AK 99517
Telephone: (907) 263.6990
Facsimile: (907) 263.6490

*Counsel for Plaintiffs-Appellees*
*\*5th Cir. Admission Pending*

## CERTIFICATE OF SERVICE

On September 8, 2020, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) no privacy redactions were required under Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned and is free of viruses.

    */s/ Skyler Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

## CERTIFICATE OF CONFERENCE

On September 8, 2020, counsel for Plaintiffs-Appellees contacted counsel for Defendant-Appellant regarding this motion and the emergency relief requested herein. Counsel represented that the Defendant-Appellant will oppose this motion.

                                         */s/ Skyler Howton*
                                         Skyler M. Howton
                                         PERKINS COIE LLP
                                         500 North Akard St., Ste. 3300
                                         Dallas, TX 75201-3347
                                         Telephone: (214) 965-7700
                                         Facsimile: (214) 965-7799

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1333 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font.

 */s/ Skyler Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

## CERTIFICATE OF COMPLIANCE WITH RULE 27.3

I certify the following motion complies with Fifth Circuit Rule 27.3:

- Before filing, counsel for Plaintiffs-Appellees contacted the Clerk's Office and opposing counsel to advise them of Appellees' intent to file this motion.

- The facts stated herein supporting emergency consideration of this motion are true and complete.

- The Court's review of this motion is requested by September 11, 2020.

- This motion is being served at the same time it is being filed.

*/s/ Skyler Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Ste. 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799