No. 20-50654

# In the United States Court of Appeals for the Fifth Circuit

Linda Jann Lewis, Madison Lee, Ellen Sweets,
Benny Alexander, George Morgan, Voto Latino,
Texas State Conference of the National Association for the
Advancement of Colored People, and Texas Alliance for
Retired Americans,

*Plaintiffs-Appellees*,

*v.*

Ruth Hughs, Texas Secretary of State,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

**REPLY IN SUPPORT OF
PETITION FOR REHEARING EN BANC**

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

Ryan L. Bangert
Deputy First Assistant
  Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Kyle D. Hawkins
Solicitor General

Matthew H. Frederick
Deputy Solicitor General
matthew.frederick@oag.texas.gov

Counsel for Defendant-Appellant

i

## Certificate of Interested Persons

No. 20-50654

Linda Jann Lewis, Madison Lee, Ellen Sweets, Benny Alexander, George Morgan, Voto Latino, Texas State Conference of the National Association for the Advancement of Colored People, and Texas Alliance for Retired Americans,

*Plaintiffs-Appellees*,

v.

Ruth Hughs, Texas Secretary of State,

*Defendant-Appellant*.

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellant, as a governmental party, need not furnish a certificate of interested persons.

/s/ Matthew H. Frederick
Matthew H. Frederick
*Counsel of Record for*
*Defendant-Appellant*

# TABLE OF CONTENTS

                       Page

Certificate of Interested Persons ............................................................................. i

Table of Authorities .................................................................................................. ii

Introduction ............................................................................................................... 1

Argument and Authorities ....................................................................................... 2

 I. The Secretary Lacks a Sufficient Connection to Enforcement of the Challenged Statutes. ................................................................................ 2

  A. The Secretary does not enforce the challenged statutes, and she has taken no step to enforce them against plaintiffs. ..................... 2

  B. The conflict between this Court and the Eleventh Circuit merits en banc review. .......................................................................... 4

  C. If the Secretary's enforcement authority is unclear, this Court can certify that question to the Texas Supreme Court. ............. 4

 II. *Ex parte Young* Does Not Permit Federal Courts to Mandate that State Officials Exercise Sovereign Authority. .............................................. 5

Conclusion .................................................................................................................. 8

Certificate of Service ................................................................................................. 9

Certificate of Compliance ......................................................................................... 9

# TABLE OF AUTHORITIES

                      Page(s)

**Cases**

*Bullock v. Calvert*,
 480 S.W.2d 367 (Tex. 1972) .............................................................................. 5

*City of Austin v. Paxton*,
 943 F.3d 993 (5th Cir. 2019) ........................................................................ 2, 3

*Ex parte Young*,
 209 U.S. 123 (1908) ................................................................................ *passim*

*Green v. Cty. Sch. Bd.*,
 391 U.S. 430 (1968) ............................................................................................ 7

*Hawaii v. Gordon*,
   373 U.S. 57 (1963) (per curiam) ................................................................. 7

*In re Abbott*,
   956 F.3d 696 (5th Cir. 2020) .................................................................... 3

*In re State of Texas*,
   602 S.W.3d 549 (Tex. 2020) ..................................................................... 5

*Jacobson v. Fla. Sec'y of State*,
   No. 19-14552, 2020 WL 5289377 (11th Cir. Sept. 3, 2020) ............................. 4

*Lewis v. Hughs*, No. 5:20-cv-00577-OLG,
   2020 WL 4344432 (W.D. Tex. July 28, 2020) ............................................... 4

*Milliken v. Bradley*,
   433 U.S. 267 (1977) ................................................................................ 7

*OCA-Greater Hous. v. Texas*,
   867 F.3d 604 (5th Cir. 2017) ................................................................... 4

*Pennhurst State Sch. & Hosp v. Halderman*,
   465 U.S. 89 (1984) ................................................................................. 6

*Tex. Democratic Party v. Abbott*,
   No. 20-50407, 2020 WL 5422917 (5th Cir. Sept. 10, 2020) ................... 1, 2, 4

*Tex. Democratic Party v. Hughs*, No. 20-50667,
   2020 WL 5406369 (5th Cir. Sept. 9, 2020) (per curiam) .............................. 1

*Vann v. Kempthorne*,
   534 F.3d 741 (D.C. Cir. 2008) ................................................................. 7

*Va. Office for Prot. & Advocacy v. Stewart*,
   563 U.S. 247 (2011) ............................................................................... 6

**Statutes and Rules**

Fed. R. App. Proc. Rule 35(b)(1)(B) ................................................................. 4

Tex. Elec. Code
   § 31.003 .............................................................................................. 5
   § 31.005(b) ....................................................................................... 3-4
   § 161.008 ............................................................................................ 5

# Introduction

Plaintiffs argue that the Secretary's connection to enforcement of "the [Election] Code writ large," Resp. 1, has been established by *Texas Democratic Party v. Abbott*, No. 20-50407, 2020 WL 5422917 (5th Cir. Sept. 10, 2020) ("*TDP II*"), and a state-court lawsuit brought by the State, through the Attorney General, against Harris County. Plaintiffs are wrong on both counts, and their effort to defend the panel's summary affirmance underscores that en banc review is warranted to answer the exceptionally important questions presented in the Secretary's appeal.

The decision in *TDP II* only adds to the body of conflicting opinions on sovereign immunity—including a contrary decision, issued the day before, which recognized "an important question that has not been resolved by our court: whether and to what extent *Ex parte Young*'s exception to sovereign immunity permits plaintiffs to sue the Secretary in an as-applied challenge to a law enforced by local officials." *Tex. Democratic Party v. Hughs*, No. 20-50667, 2020 WL 5406369, at *1 (5th Cir. Sept. 9, 2020) (per curiam); *see Ex parte Young*, 209 U.S. 123 (1908). Far from resolving that question, *TDP II* demonstrates the urgent need for clarification. *TDP II* rejected the Secretary's sovereign-immunity defense without identifying any step toward enforcement, in direct conflict with this Court's prior opinions.

The State's lawsuit against Harris County demonstrates that the Secretary *lacks* the connection to enforcement required by *Ex parte Young*. That suit was not brought by the Secretary, and it does not seek to enforce her directives. *Cf.* Resp. 1. It was brought by the Attorney General in the name of the State to enforce the Election

1

Code. That the Attorney General had to seek judicial relief proves that the Secretary lacks authority to enforce the Code against local election officials, let alone plaintiffs.

The Court should grant the Secretary's petition for en banc review to reconcile conflicting panel opinions and resolve the exceptionally important questions presented by this appeal. But en banc review is not the only alternative to summary affirmance. The Court can also vacate the summary affirmance and assign this appeal to a merits panel for plenary review.

## Argument and Authorities

### I. The Secretary Lacks a Sufficient Connection to Enforcement of the Challenged Statutes.

#### A. The Secretary does not enforce the challenged statutes, and she has taken no step to enforce them against plaintiffs.

**1.** Plaintiffs insist that *TDP II* is "uniform" with other decisions of this Court, but their discussion of *TDP II* highlights the need for en banc review. According to plaintiffs, *TDP II* held "that the Secretary has a sufficient connection to the mail-in ballot provisions of the Code and, indeed, to the Code writ large." Resp. 1. Whether or not *TDP II* purported to resolve the Secretary's immunity for all time and all cases, that would be the result of its analysis. The opinion collapsed *Ex parte Young*'s requirements into a single inquiry, reasoning that as "chief election officer of the state, the Secretary is charged at least in part with enforcement of the Texas Election Code," so "there exists a scintilla of enforcement." 2020 WL 5422917, at *6 (quoting *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019) (quotation marks omitted)). *TDP II* did not identify any act of enforcement by the Secretary, not even

a potential act of enforcement. Neither did the panel's summary affirmance, and neither do plaintiffs.

Plaintiffs agree that *TDP II* failed to identify any step toward enforcement. They claim no such analysis was required because "the question of whether a defendant took a step toward enforcement . . . falls under the connection requirement." Resp. 9 n.2. That is an accurate description of *TDP II*, but it is an incorrect statement of law. Even when a state officer has the undisputed power to enforce a statute through litigation, this Court still asks whether he is likely to do so against the plaintiff. *See City of Austin*, 943 F.3d at 1002; *cf. In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020). *TDP II* did not ask the question at all. That conflicts directly with prior panel opinions, confirming that en banc review is warranted.

**2.** Plaintiffs also argue that the Secretary has enforcement authority because "she is currently seeking injunctive relief against Harris County for not following her directives on vote-by-mail eligibility." Resp. 1, 10-12. Both parts of that argument are wrong. First, the Secretary is not suing anyone. The State is suing the Harris County Clerk through the Attorney General. Resp. Exh. 2 at 2. Second, the State is not suing the Harris County Clerk "for not following [the Secretary's] directives." No such claim appears in the petition. *See* Resp. Exh. 2. The only claim for relief is based on the Clerk's violation of the Election Code.

The Secretary's letter to the Harris County Clerk does not show that she has the power "to compel county officials to adhere to her interpretation of state law," Resp. 10. The Election Code authorizes the Secretary to issue a nonbinding order to correct conduct "that impedes the free exercise of a citizen's voting rights." Tex. Elec.

3

Code § 31.005(b). That the Secretary must ask the Texas Attorney General to seek judicial relief, *see id.*, proves that she *does not have authority* to coerce local election officials, let alone plaintiffs. *See Jacobson v. Fla. Sec'y of State*, No. 19-14552, 2020 WL 5289377, *12 (11th Cir. Sept. 3, 2020). And even if section 31.005 gave the Secretary some authority to compel local election officials, she could not compel them to stop enforcing the Election Code—or enforce different rules—because enforcing state law does not "impede[] the free exercise" of voting rights under section 31.005.

### B. The conflict between this Court and the Eleventh Circuit merits en banc review.

Plaintiffs dispute the Secretary's characterization of *Jacobson*, but they cannot deny that the Eleventh Circuit rejected the argument that the Florida Secretary of State's designation as "chief election officer" subjected her to suit challenging state law. *Id.* at *12. *TDP II* reached the opposite result. So did the summary affirmance in this case. Those decisions cannot be reconciled, and contrary to plaintiffs' argument (at 7 n.1), that conflict warrants en banc review. *See* Fed. R. App. P. 35(b)(1)(B).

### C. If the Secretary's enforcement authority is unclear, this Court can certify that question to the Texas Supreme Court.

Every opinion concluding that the Secretary has the necessary connection to enforcement rested on an expansive understanding of the Secretary's authority under Texas law. *See TDP II*, 2020 WL 5422917, at *6; *Lewis v. Hughs*, No. 5:20-cv-00577-OLG, 2020 WL 4344432, at *7 (W.D. Tex. July 28, 2020); *cf. OCA-Greater Hous. v. Texas*, 867 F.3d 604, 613 (5th Cir. 2017). But none of those decisions analyzed the controlling state-court precedent. When the Texas Supreme Court last squarely

4

confronted the issue, it interpreted the Secretary's authority narrowly. *See Bullock v. Calvert*, 480 S.W.2d 367 (Tex. 1972) (Reavley, J.). Plaintiffs do not even acknowledge *Bullock*, but their appeal to inherent authority (at 10) is similar to the argument rejected by the Texas Supreme Court.

Recent disputes about local election officials' compliance with the Election Code have been resolved by state courts deciding claims by private parties or the Attorney General, not the Secretary. *See, e.g.*, *In re State of Texas*, 602 S.W.3d 549 (Tex. 2020). To be sure, the Secretary enforces certain provisions of the Election Code. For example, the Code requires the Secretary to certify qualifying candidates for placement on the ballot, *see* Tex. Elec. Code § 161.008, but that authority is expressly granted, not inferred from her status as chief election officer. To the extent the Secretary's authority under state law is ambiguous, this Court may certify the question to the Texas Supreme Court.

## II. *Ex parte Young* Does Not Permit Federal Courts to Mandate that State Officials Exercise Sovereign Authority.

Plaintiffs maintain that sovereign immunity does not bar "direct affirmative action" where a state official's duty is "merely ministerial in its nature." Resp. 14 (quoting *Ex parte Young*, 209 U.S. at 158). Based on that dictum, they claim that sovereign immunity does not bar their claims here because the Secretary's duty to "'obtain and maintain uniformity in the application, operation, and interpretation of [the Code],' Tex. Elec. Code § 31.003, is decidedly nondiscretionary and ministerial." *Id.* Plaintiffs are wrong. Their novel argument would allow private parties to change state law by suing the Secretary as a stand-in for the State itself. That illustrates the

5

exceptional importance of the question whether *Ex parte Young* permits suits to compel affirmative action by state officials.

Plaintiffs' ministerial-duty theory would radically expand *Ex parte Young*'s exception to sovereign immunity, which applies only when "a federal court commands a state official to do nothing more than refrain from violating federal law," *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). But plaintiffs' argument conflates ministerial duties under state law and obligations imposed by a mandatory injunction. They contend:

> Plaintiffs' requested relief likewise would not involve any discretionary duty. It would simply require the Secretary to (a) cease enforcing the Challenged Provisions; (b) ensure that ballot envelopes have prepaid postage[;] and (c) ensure that voters have an "opportunity to cure any issues with signature verification before their ballots are rejected."

Resp. 14-15. Even if federal courts could compel state officials to perform ministerial duties under state law (which they cannot, *see Pennhurst State Sch. & Hosp v. Halderman*, 465 U.S. 89 (1984)), that would not justify plaintiffs' requested injunction. The Secretary does not have a ministerial duty to advise local election officials to *cease enforcing* provisions of the Election Code, to pay the U.S. Postal Service for return postage on mail-in ballots, or to create a notice-and-cure process that the Legislature did not provide. Plaintiffs cannot bootstrap themselves around sovereign immunity by invoking supposed ministerial duties that would be created only by the mandatory injunction they seek.

Unsurprisingly, plaintiffs cite no authority to support their theory of sovereign immunity. Their reliance on school-desegregation litigation (*see* Resp. 16) is

6

misplaced because many defendants were local officials not entitled to sovereign immunity, and the cases involved a sui generis "affirmative duty to take whatever steps might be necessary to convert to a unitary system in which racial discrimination would be eliminated root and branch." *Green v. Cty. Sch. Bd.*, 391 U.S. 430, 437-38 (1968); *see also Milliken v. Bradley*, 433 U.S. 267, 290 (1977) (noting States' affirmative duty "to eliminate . . . all vestiges of state-imposed segregation"). In *Vann v. Kempthorne*, 534 F.3d 741 (D.C. Cir. 2008), the court avoided the question because the requested injunction did not compel affirmative action. Here, plaintiffs seek to compel "official affirmative action [and] affect the public administration of government agencies," *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam). That affirmative relief is not an incidental effect of a prohibitory injunction. *Cf. Vann*, 534 F.3d at 754. It is the very object of the plaintiffs' suit—they want "Texas [to] remove unnecessary restrictions on voting by mail." ROA.38. Even if the Secretary could provide that relief (she cannot), whether *Ex parte Young* permits federal courts to compel state officials to change state law is an exceptionally important question that warrants en banc review.

## Conclusion

The Court should grant the Secretary's petition, vacate the summary affirmance, and hear this appeal en banc. In the alternative, the en banc Court should vacate the panel's summary affirmance and assign the case to a merits panel for briefing and plenary review.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Jeffrey C. Mateer
First Assistant Attorney General

Ryan L. Bangert
Deputy First Assistant
  Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Kyle D. Hawkins
Solicitor General

/s/ Matthew H. Frederick
Matthew H. Frederick
Deputy Solicitor General
matthew.frederick@oag.texas.gov

Counsel for Defendant-Appellant

## Certificate of Service

On September 18, 2020, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Matthew H. Frederick
Matthew H. Frederick

## Certificate of Compliance

This brief contains 1,921 words, excluding the parts of the brief exempted by Rule 32(f). The Federal Rules of Appellate Procedure do not detail requirements for reply briefs in support of petitions for rehearing en banc. Analogizing from similar rules, Defendant-Appellant has limited the length of this brief to less than one-half the length of an en banc petition. This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Matthew H. Frederick
Matthew H. Frederick